IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **JEFFREY FREELAND,** | ) |
| | ) |
|    **Plaintiff** | ) |
| | ) |
| | ) CIVIL ACTION NO.: _____ |
| vs. | ) |
| | ) *Jury Trial Demanded* |
| **TRISTAR PRODUCTS, INC.,** | ) |
| | ) |
|    **Defendant.** | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jeffrey Freeland ("Freeland"), by and through his undersigned counsel of record, and hereby files this personal injury, product liability action against Defendant Tristar Products, Inc. ("Tristar"), and alleges and states as follows:

## PARTIES

1. The Plaintiff, Jeffrey Freeland, is, and at all times relevant hereto, a resident of Dawson County, Georgia.

2. Defendant Tristar Products, Inc. ("Tristar") is a Pennsylvania corporation, with its principal place of business in New Jersey, and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence made the basis of this action, and for some time prior thereto,

Defendant Tristar Products, Inc. was qualified to do business and solicited for sale and sold its products, including the Power Pressure Cooker XL, ID No. PPC790 ("subject pressure cooker") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Tristar Products, Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Tristar Products, Inc. can be served with process to wit: The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

4.      Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391, as the injuries sustained by the Plaintiff occurred in Dawson

County, Georgia and were committed within the Middle District of Georgia, Gainesville Division.

## STATEMENT OF THE FACTS

5. On or about January 8, 2018, the Plaintiff was preparing beef stew in the subject pressure cooker as a dinner meal for himself and his friends. At approximately 5:30 P.M., the Plaintiff turned the pressure valve on the subject pressure cooker to release pressure and steam. After the pressure cooker indicated that all of the pressure and steam had been safely released, the Plaintiff attempted to properly open or remove the lid when suddenly and without warning, the contents of the subject pressure cooker were forcefully ejected and exploded from it during its ordinary use, causing the scalding hot beef stew to expel upon the Plaintiff.

6. As a direct and proximate result of the defective condition of the subject pressure cooker, the Plaintiff suffered severe, painful, permanent, and disfiguring burns to his torso and arms.

7. At all material times hereto, the subject pressure cooker was designed, developed, manufactured, tested, marketed, distributed, and sold by Tristar Products, Inc. At the time of the occurrence made the basis of this lawsuit, the

subject pressure cooker was in substantially the same condition as it was when it was manufactured and sold by Tristar.

8.   Defendant Tristar aggressively markets the subject pressure cook stating that it is an easy and safe culinary product intended to cook food in a fraction of the normal time as traditional methods by trapping heat and pressure inside of the sealed cook chamber, which reaches temperatures of up to 284 degrees Fahrenheit. Defendant Tristar touts and markets that its Pressure Cookers are designed with several "Built In Safety Features", which purport to keep the consumer safe while using the Pressure Cooker and mislead the customer into believing the Pressure Cooker is safe for its normal and intended use. Such safety features include a lid safety device that is intended to prevent the unit from building pressure if the lid is not closed properly, as well as to prevent the lid from opening until all the pressure is released; a spring loaded safety pressure release to enable the steam and pressure to escape around the pot lid should all other features fail by automatically separating the inner pot from the rubber gasket; a temperature cut-off device that automatically shuts off power supply in the event the pressure cooker malfunctions and exceeds a safe internal temperature; and a back-up safety release valve to automatically release pressure build up beyond a maximum setting.

9. In addition to the "Built-In Safety Features" listed the manual for the subject pressure cooker, Defendant Tristar has stated on its "Frequently Asked Questions" YouTube video that the lid of the Pressure Cooker will only come off when there is no pressure inside of the unit.

10. Despite Tristar's claims of "safety" it designed, manufactured, marketed, distributed and sold, both directly and through third-party retailers, a product that suffers from defects which cause significant bodily harm and injury to its consumers.

11. Specifically, said defects manifest themselves when, despite Defendant Tristar's statements and "Safety Features", the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing him serious bodily injuries and damages.

12. At all material times hereto, the subject pressure cooker was being used and operated for the purpose and in the manner for which it was designed and sold. The said pressure cooker was not reasonably safe when being so used in a

foreseeable manner but, to the contrary, was defective when being so used. The Defendant knew, or in the exercise of reasonable care should have known, that said pressure cooker was dangerous to the human body when being so used in a foreseeable manner. Furthermore, the risks inherent in the subject pressure cooker's design outweigh its utility, particularly given the availability of feasible, safer alternative designs that would not impair the subject pressure cooker's functionality.

13.   As a direct and proximate result of the wrongful conduct of Tristar, the Plaintiff suffered severe and permanent injuries, including burn injuries. Plaintiff seeks all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, punitive, and all other damages permissible under Georgia law as a result of his injuries, all of which were proximately caused by the acts and omissions of the Defendant as herein described.

## COUNT ONE
## STRICT LIABILITY

14.   Plaintiff adopts and realleges paragraphs 1-13 as previously set forth in this Complaint as if fully set out herein.

15.   Tristar designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed the subject pressure

cooker. The pressure cooker as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by Tristar was in an unsafe and defective condition which was hazardous to its users. The subject pressure cooker was in this unsafe condition at the time it left Tristar's possession.

16. The subject pressure cooker was expected to, and did, reach the usual consumers (including the Plaintiff), handlers, and persons coming into contact with the subject pressure cooker without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Tristar.

17. The Plaintiff was injured while using the subject pressure cooker for its intended purpose, in accordance with the instructions that accompanied the product, and in a manner foreseeable to the Defendant.

18. However, the subject pressure cooker failed to perform as safely as an ordinary consumer would reasonably expect. At all times relevant hereto, the subject pressure cooker was defective and not fit for its intended purpose by design and/or manufacture because:

(a) The subject pressure cooker failed to provide adequate and reasonable protection to consumers during foreseeable use as it was designed in such a way that allowed the scalding contents of the pressure cooker to be expelled during normal operation.

(b) The "Safety Features" of the subject pressure cooker failed to provide adequate and reasonable protection to consumers, including the Plaintiff,

by failing to properly function resulting in scalding hot contents of the Pressure Cooker being released during normal operation.

(c) The lid of the subject pressure cooker could be removed with normal force while the unit remained pressurized, despite the appearance that all pressure had been released.

(d) The subject pressure cooker was defective due to Tristar's failure to test or adequately test the pressure cooker and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) The subject pressure cooker was defective due to inadequate or absent warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

(f) The subject pressure cooker was advertised and marketed to be a reasonably safe product with "Safety Features" leading consumers, including the Plaintiff, to believe that it was reasonably safe for its intended purpose when it was not.

(g) At the time the subject pressure cooker left the control of the Defendant, it could have adopted safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects without compromising the pressure cooker's usefulness, practicality and desirability.

(h) The subject pressure cooker was generally defective in its design, manufacture, testing, assembly and warnings.

19. The dangerous nature of the defects herein described created a high probability that the subject pressure cooker when put to its normal, intended and foreseeable use would cause or allow the hot contents of the unit to be expelled, resulting in severe and permanent person injuries to users of the subject pressure

cooker. Tristar knew of this risk prior to production and marketing of the subject pressure cooker and designed, manufactured, marketed and sold the subject pressure cooker which caused the injuries complained of herein.

20. The aforesaid defects were not known to the Plaintiff and were not discoverable through reasonable inspection.

21. The Defendant was in a position superior to that of the Plaintiff to know and discover the aforementioned defects. The Defendant had actual or constructive knowledge of said defects, yet failed recall the subject pressure cooker.

22. The risks inherent in the design of the subject pressure cooker outweigh its utility.

23. At the time and place of the occurrence made the basis of this lawsuit, the subject pressure cooker was being used for its ordinary and intended and foreseeable purpose and in an ordinary intended and foreseeable manner, the Plaintiff was a foreseeable user of the subject pressure cooker.

24. The above-described defects in the subject pressure cooker were the proximate cause of the severe burn injuries and damages suffered by the Plaintiff.

## **COUNT TWO**
## **NEGLIGENCE**

25. Plaintiff adopts and realleges paragraphs 1-24 as previously set forth in this Complaint as if fully set out herein.

26. Tristar was negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the subject pressure cooker.

27. Tristar owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market, and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

28. At all times relevant hereto, Tristar was negligent in at least the following respects in the design, manufacture, assembling, testing, inspecting, labelling, distributing, marketing, advertising, warning, and selling regarding the subject pressure cooker:

(a) Improper design and/or manufacture the subject pressure cooker by failing to provide adequate and reasonable protection to consumers during foreseeable use as the pressure cooker was designed in such a way that allowed the scalding contents of the pressure cooker to be expelled during normal operation.

(b) Improper design and/or manufacture of the "Safety Features" of the subject pressure cooker which failed to provide adequate and reasonable protection to consumers, including the Plaintiff, by failing to properly function resulting in scalding hot contents of the Pressure Cooker being released during normal operation.

(c) Improper design and/or manufacture of pressure cooker as the lid of the subject pressure cooker could be removed with normal force while the unit remained pressurized, despite the appearance that all pressure had been released.

(d) Failure to test or adequately test the pressure cooker and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) Failure to provide reasonable and adequate warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

(f) Advertising and marketing claiming the subject pressure cooker to be a reasonably safe product with "Safety Features" leading consumers, including the Plaintiff, to believe that it was reasonably safe for its intended purpose when it was not.

(g) Failure to adopt safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects without compromising the pressure cooker's usefulness, practicality and desirability.

(h) Improper design, manufacture, testing, assembly and warnings regarding the subject pressure cooker.

(i) Failure to recall the subject pressure cooker despite having actual or constructive knowledge of the dangers and hazards posed by it.

29.  Tristar breached its duties, and its negligent conduct was the proximate cause of the severe and permanent burn injuries suffered by the Plaintiff.

30.  As a direct and proximate result of Tristar's negligence, the Plaintiff was caused to suffer severe burn injuries and damages.

## COUNT THREE
## BREACH OF WARRANTY

31. Plaintiff adopts and realleges paragraphs 1-30 as previously set forth in this Complaint as if fully set out herein.

32. Tristar impliedly warranted that the subject pressure cooker was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that Tristar breached said implied warranties in that subject pressure cooker was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, the subject pressure cooker was defective and in an unsafe condition, as described herein. The Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by Tristar, he suffered severe and traumatic burn injuries.

33. The aforesaid wrongful conduct of Tristar proximately caused Plaintiff's severe and permanent injuries.

## COUNT FOUR
## PUNITIVE DAMAGES

34. Plaintiff adopts and realleges paragraphs 1-33 as previously set forth in this Complaint as if fully set out herein.

35. Tristar designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed the subject pressure cooker into the stream of commerce.

36. Before the incident made the basis of this Complaint, Tristar was aware of the defects and dangerous conditions that exist with the Power Pressure Cooker XL, as the Plaintiff is not the first person to be horrifically injured by an exploding Power Pressure Cooker XL.

37. In fact, Tristar is aware of multiple other incidents throughout the country similar to the foregoing matter, resulting in severe, permanent, disabling and disfiguring injuries to consumers, which it knew about before the subject incident took place.

38. Despite being on notice of other incidents substantially similar to the foregoing matter, involving the same or similar products and the same or similar harm to consumers, Tristar consciously and intentionally failed to take any proper action to warn, recall, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular from the use of its product.

39. Tristar had actual knowledge that the subject pressure cooker posed severe danger and threat of serious injury to consumers, but did not warn or

adequately inform or educate retailers, wholesalers or the public of said dangers, but instead, continued to sell the products for profit and allowed injuries to persist.

40. Tristar engaged in intentional misconduct when they put an unsafe product on the market without adequate testing; without a failure mode effect analysis for the production and design of the subject pressure cooker; without quality controls in place for evaluating and testing moisture or temperature; or without testing being conducted to verify performance.

41. Tristar withheld information about their fraudulent conduct as the pressure cookers began to fail, causing injury and death to consumers.

42. Tristar knew that their concealment and misrepresentations of said hazardous conditions and defects had a high probability of causing injury or damage because the defective pressure cookers remain in the stream of commerce and continue to be used by consumers who believed the product to be safe.

43. Tristar intentionally withheld information about the pressure cooker defect from its customers to protect their profits.

44. These acts and omissions of Tristar show willful misconduct, malice, wantonness, oppression or that entire want of care which raise the presumption of conscious indifference to consequences.

45. Plaintiff Jeffrey Freeland, therefore, pursuant to O.C.G.A. § 51-12-5.1(b), is entitled to recover punitive damages without limitation or cap against Tristar in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Freeland, prays and respectfully demands the following:

(a) That summons and service be perfected upon the Defendant requiring the Defendant to be and appear in this Court within the time required by law and to answer this Complaint;

(b) That Plaintiff Jeffrey Freeland, be awarded compensatory damages against the Defendant for his physical and emotional pain and suffering, disfigurement, and loss of enjoyment of life in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

(c) That Plaintiff Jeffrey Freeland, be awarded special damages against the Defendant for his past, present, and future medical expenses; and past, present and future loss of income and earnings in such an amount as may be shown by the evidence and proven at trial;

(d) That Plaintiff Jeffrey Freeland, be awarded punitive damages without limitation or cap against the Defendant in such an amount as may be shown by the evidence and determined by the jury in their enlightened conscience;

(e) That Defendant be charged with all Court costs attributable to this action including attorney's fees and such other costs reasonably incurred in the prosecution and trial of this case; and

(f) That Plaintiff be granted such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: September 18, 2018.

Respectfully submitted,

*/s/ Thomas P. Willingham*
**Thomas P. Willingham**
Georgia Bar No. 235049
**Mary Leah Miller**
Georgia Bar No. 933581
**Law Offices of Thomas P. Willingham, P.C.**
3800 Colonnade Parkway, Suite 330
Birmingham, AL 35243
Telephone: (205) 298-1011
Facsimile: (205) 298-1012
Email:  tom@tpwpc.com
           maryleah@tpwpc.com

**Peter A. Law**
Georgia Bar No. 439655
**E. Michael Moran**
Georgia Bar No. 521602
**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Telephone: (404) 814-3700
Facsimile: (404) 842-7710
Email:  pete@lawmoran.com
            mike@lawmoran.com

*Attorneys for Plaintiff*